# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**OVIER DELGADILLO-BENUELOS,**

    **Petitioner,**

    v.

**WARDEN, NOBLE CORRECTIONAL INSTITUTION,**

    **Respondent.**

**CASE NO. 2:20-CV-4996**
**JUDGE EDMUND A. SARGUS, JR.**
**Magistrate Judge Kimberly A. Jolson**

## OPINION AND ORDER

On June 4, 2021, the Magistrate Judge issued a Report and Recommendation recommending that the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be dismissed. (Doc. 8.) Petitioner has filed an Objection to the Magistrate Judge's Report and Recommendation. (Doc. 10.) Pursuant to 28 U.S.C. § 636(b), this Court has conducted a de novo review. For the reasons that follow, Petitioner's Objection (Doc. 10) is **OVERRULED**. The Report and Recommendation (Doc. 8) is **ADOPTED** and **AFFIRMED**. This action is hereby **DISMISSED**.

Petitioner's Motion for Extension of Time to File Objections (Doc. 9) is **GRANTED**.

The Court **DECLINES** to issue a certificate of appealability.

This case involves Petitioner's August 23, 2018, convictions pursuant to his guilty plea in the Franklin County Court of Common Pleas on two counts of trafficking in heroin. Petitioner asserts that he was denied the effective assistance of counsel because his attorney failed to file an affidavit of indigency or otherwise advocate against the imposition of financial sanctions and failed to argue that Petitioner's convictions involved allied offenses of similar import (claims one and two); and that the trial court committed plain error by imposing multiple

sentences on allied offenses of similar import (claim three). The Magistrate Judge recommended dismissal of Petitioner's claims as procedurally defaulted or without merit.

Petitioner objects to the recommended dismissal of his claim that the trial court violated the Double Jeopardy Clause (and Ohio's statute on allied offenses of similar import) when it imposed separate sentences on his trafficking in heroin convictions. Referring to *Rashad v. Burt*, 108 F.3d 677 (6th Cir. 1997), Petitioner again argues that the charges involved only one criminal offense. As cause for his failure to object to the imposition of separate sentences and his procedural default of this claim, Petitioner again asserts the denial of the effective assistance of counsel.

In *Rashad*, police found cocaine in the defendant's house during execution of a search warrant. While police were executing the warrant, a narcotics dog alerted police to the interior of Rashad's car, which was parked in the driveway. Police impounded the vehicle. A week later, police searched the car pursuant to information obtained from a confidential informant and found an additional large quantity of cocaine. *Rashad*, 108 F.3d at 678-79. Rashad consequently was charged and convicted on two separate counts of possession with intent to deliver cocaine. *Id*. at 679. The Sixth Circuit held that these separate convictions violated the Double Jeopardy Clause. *Id*. at 680-81.

Here, police found approximately 49 grams of heroin on the Petitioner's person after they observed him selling drugs from his car. Upon taking the Petitioner into custody, police obtained a search warrant to search his motel room where, later that evening, they found an additional 159 grams of heroin. *State v. Delgadillo-Benuelos*, 10th Dist. No. 18AP-729, 2019 WL 5078717, at *1-3 (Ohio Ct. App. Oct. 10, 2019). Thus, the facts in this case are distinguishable from the scenario presented in *Rashad*.

Moreover, "*Rashad* does not constitute clearly established federal law-and its holding has been limited to its specific facts." *Davis v. Berghuis*, No. 2:07-CV-10129, 2008 WL 1902116, at *6 (E.D. Mich. Apr. 30, 2008) (citing *United States v. Forman*, 180 F.3d 766, 770 (6th Cir. 1999); *Murr v. United States*, 200 F.3d 895, 901 (6th Cir. 2000). Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), only holdings of the United States Supreme Court can warrant habeas corpus relief. *See Stoermer v. Warden, London Corr. Inst.*, No. 2020 WL 6392446, at *5 (S.D. Ohio Nov. 2, 2020) (citing *Bryan v. Bobby*, 843 F.3d 1099 (6th Cir. 2016) (citing *White v. Woodall*, 572 U.S. 415 (2014)). "Thus *Rashad* is not applicable here[.]" *Id*. Moreover, "other federal circuits have found that double jeopardy principles are not violated by convictions arising from distinct drug stashes." *Davis v. Berghuis*, 2008 WL 1902116, at *7 (citations omitted). Further, the Ohio Court of Appeals has determined that, as a matter of state law, the heroin on Petitioner's person and the heroin stored in his motel room involved two separate crimes. This Court is bound by that determination. *Volpe v. Trim*, 708 F.3d 688 (6th Cir. 2013) (citing *Banner v. Davis*, 886 F.2d 777, 780 (6th Cir. 1989)).

For the foregoing reasons and for the reasons detailed in the Magistrate Judge's Report and Recommendation, Petitioner's Objection (ECF No. 10) is **OVERRULED**. The Report and Recommendation (ECF No. 8) is **ADOPTED** and **AFFIRMED**. This action is hereby **DISMISSED**.

Pursuant to Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, the Court now considers whether to issue a certificate of appealability. "In contrast to an ordinary civil litigant, a state prisoner who seeks a writ of habeas corpus in federal court holds no automatic right to appeal from an adverse decision by a district court." *Jordan v.*

*Fisher*, 576 U.S. 1071, --, 135 S.Ct. 2647, 2650 (2015); 28 U.S.C. § 2253(c)(1) (requiring a habeas petitioner to obtain a certificate of appealability in order to appeal).

When a claim has been denied on the merits, a certificate of appealability may issue only if the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make a substantial showing of the denial of a constitutional right, a petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893, n.4 (1983)). When a claim has been denied on procedural grounds, a certificate of appealability may issue if the petitioner establishes that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Id*.

The Court is not persuaded that reasonable jurists would debate the dismissal of this action. The Court therefore **DECLINES** to issue a certificate of appealability.

The Court certifies that the appeal would not be in good faith and that an application to proceed *in forma pauperis* on appeal should be **DENIED.**

    **IT IS SO ORDERED.**

                                           s/Edmund A. Sargus, Jr. 8/11/2021
                                           **EDMUND A. SARGUS, JR.**
                                           **UNITED STATES DISTRICT JUDGE**