IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**OVIER DELGADILLO-BENUELOS,**

    **Petitioner,**

v.

**WARDEN, NOBLE CORRECTIONAL INSTITUTION,**

    **Respondent.**

CASE NO. 2:20-CV-4996
JUDGE EDMUND A. SARGUS, JR.
Magistrate Judge Kimberly A. Jolson

## OPINION AND ORDER

This matter is before the Court on Defendant's Motion for Relief from Judgment under Rule 60(b), which for the reasons set forth below is **DENIED**. (ECF No. 17)

**I.**

In 2020, Delgadillo-Banuelos filed a habeas corpus petition under 28 U.S.C. § 2254, claiming that (1) his trial counsel was ineffective for failing to file an affidavit of indigency to challenge the $35,000 fine, (2) his trial counsel was ineffective for failing to argue that the two trafficking counts were allied offenses of similar import, and (3) the trial court erred by imposing multiple sentences on allied offenses of similar import. On August 11, 2021, upon the recommendation of the Magistrate Judge and over Delgadillo-Banuelos's objections, this Court denied the petition, determining that his first and second claims lacked merit and that his third claim was procedurally defaulted. (ECF No. 11.) The Court entered judgment and declined to issue a Certificate of Appealability ("COA"). (ECF Nos. 11, 12.)

On September 27, 2021, the Petitioner moved for relief from judgment under Rule 59 of the Civil Rules of Procedure. (ECF No. 13), which the Court denied on November 16, 2021

(ECF No. 14). The Petitioner filed a notice of appeal on December 1, 2021 (ECF No. 15) and the appellate court issued it a case number on December 8, 2021 (ECF No. 16). On July 17, 2022, before the appellate court ruled on the appeal, the Petitioner filed a Motion for Relief from Judgment. (ECF No. 17.) Shortly thereafter, the Sixth Circuit issued its decision, in which it construed "notice of appeal as a request for a certificate of appealability (COA),[1]" and denied it. (Order at 1, ECF No. 18) (citing Fed. R. App. P. 22(b)(2)).

## II.

In the Notice of Appeal that the Sixth Circuit construed as a request for a CAO, the Petitioner moved for relief from the judgment this Court entered on August 11, 2021. In reviewing the Petitioner's appeal/request for COA, the Sixth Circuit set out the analysis before it:

> To obtain a COA, a petitioner must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To satisfy this standard, a petitioner must demonstrate "that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). When the district court denies relief on procedural grounds, the petitioner must demonstrate that reasonable jurists "would find it debatable whether the petition states a valid claim of the denial of a constitutional right and . . . would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

*Id.* at 2.

The appellate court then addressed each of the Petitioner's three claims in a detailed analysis and concluded that:

> Thus, reasonable jurists would not disagree with the district court that Delgadillo-Banuelos's counsel had no basis to object to the imposition of consecutive

---

[1] The Sixth Circuit "will not entertain an appeal from the denial of a Rule 60(b) motion in [a § 2254] proceeding unless the petitioner first obtains a COA [Certificate of Appealability]." *Hobbs v. Ohio Adult Parole Auth.*, 19-3229, 2019 WL 2601565, at *1 (6th Cir. June 24, 2019) (alteration in original) (citing *Johnson v. Bell*, 605 F.3d 333, 339 (6th Cir. 2010)).

2

sentences, so his failure to do so does not establish cause to excuse Delgadillo-Banuelos's default. *See Tackett v. Trierweiler*, 956 F.3d 358, 375 (6th Cir. 2020) (noting that trial counsel is not ineffective for failing to raise a meritless objection). And because Delgadillo-Banuelos's ineffective-assistance claim fails to excuse the procedural default of his double jeopardy claim, it necessarily fails as an independent claim when applying the more deferential standard under § 2254(d). *See Hall*, 563 F.3d at 239.

Reasonable jurists also would not disagree with the district court that the state appellate court reasonably applied *Strickland* to Delgadillo-Banuelos's claim that counsel was ineffective for failing to file an indigency form. . . . .

Finally, Delgadillo-Banuelos argues that the district court mistakenly denied his Rule 59(e) motion because it failed to properly apply the prison mailbox rule. This argument is unavailing, however, because the district court concluded that the motion lacked merit, even assuming that it was timely.

*Id*. at 4–5.

### III.

Petitioner moves this Court under Rule 60(b) of the Federal Rules of Civil Procedure, which provides:

> Grounds for Relief from a Final Judgment, Order, or Proceeding. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

### IV.

The Court first notes that, once Petitioner filed his appeal from the Rule 59 denial of relief from judgment, this Court lacked jurisdiction to consider his subsequent Rule 60. *Post v.*

3

*Bradshaw*, 422 F.3d 419, 421 (6th Cir. 2005) ("At the time that the Rule 60(b) motion was filed in the district court, Post already had an appeal pending in this court which deprived the district court of jurisdiction to issue a final ruling on the motion."). Yet, even if this Court had not been deprived of jurisdiction, or has recovered that jurisdiction now, the Petitioner's motion is not well taken.

In the second motion for relief from judgment that is currently under consideration, Mr. Delgadillo-Banuelos asks the Court to "vacate the August 11, 2021 opinion and order and recommit the matter to address the merits of Claims Two & Three." (ECF No. 17, at 3.) This Court, however, has already considered the Petitioner's request to provide him relief from judgment (ECF No. 14) and he offers nothing in his second motion that would cause the Court to reconsider its denial of that request. Indeed, the opposite is true. The Sixth Circuit, as quoted above, has found that none of Petitioner's three claims can stand. Therefore, the Court **DENIES** Petitioner's Motion for Relief from Judgment Under Rule 60(b).

Pursuant to Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, the Court now considers whether to issue a certificate of appealability. "In contrast to an ordinary civil litigant, a state prisoner who seeks a writ of habeas corpus in federal court holds no automatic right to appeal from an adverse decision by a district court." *Jordan v. Fisher*, 576 U.S. 1071, --, 135 S.Ct. 2647, 2650 (2015); 28 U.S.C. § 2253(c)(1) (requiring a habeas petitioner to obtain a certificate of appealability in order to appeal).

When a claim has been denied on the merits, a certificate of appealability may issue only if the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make a substantial showing of the denial of a constitutional right, a petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that)

the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893, n.4 (1983)). When a claim has been denied on procedural grounds, a certificate of appealability may issue if the petitioner establishes that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Id*.

For the reasons stated herein, the Court is not persuaded that reasonable jurists would debate the dismissal of this action. The Court therefore **DECLINES** to issue a certificate of appealability. The Court certifies that the appeal would not be in good faith and that an application to proceed *in forma pauperis* on appeal should be **DENIED.**

## V.

Based on the foregoing, the Court **DENIES** Defendant's Motion for Relief from Judgment under Rule 60(b). (ECF No. 17.) The **JUDGMENT** entered on August 11, 2021 (ECF No. 12) **REMAINS IN EFFECT**. This case remains closed.

**IT IS SO ORDERED.**

**1/4/2023**  
**DATE**

**s/Edmund A. Sargus, Jr.**  
**EDMUND A. SARGUS, JR.**  
**UNITED STATES DISTRICT JUDGE**